## Case No. 14,522.

### UNITED STATES v. BARNABO.

[14 Blatchf. 74.] [2]

Circuit Court, S. D. New York.  Dec. 29, 1876.

VOTERS—RIGHT TO REGISTER—CONVICTION OF COUNTERFEITING—INDICTMENT.

1. The laws of the state of New York do not deprive of the right of suffrage a person who has been convicted in a court of the United States of the offence of uttering a counterfeited security of the United States, such offence being created by section 5431. Rev. St. U. S.

2. An indictment will not lie, in a United States court in New York, against a person for having fraudulently registered at a registry of voters in New York, for an election for representatives in congress, when he was disqualified as a voter by reason of having been convicted of a felony, where the conviction set forth is for having committed the offence created by section 5431. Rev. St. U. S., of uttering a counterfeited security of the United States.

[This was an indictment against Joseph Barnabo. Heard on demurrer.]

Benjamin B. Foster, Asst. Dist. Atty.

Ambrose H. Purdy, for defendant.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

BENEDICT, District Judge. The accused is charged with having fraudulently registered at a registry of voters for an election for representatives in congress, he being at the time disqualified as a voter by reason of having been convicted of a felony. The conviction set forth is a conviction of uttering a counterfeited security of the United States, the offence being created by section 5431, Rev. St. U. S. A demurrer to the indictment presents the question whether the laws of the state of New York deprive of the right of suffrage a person who has been convicted, in a court of the United States, of an offence against the United States, of the character described in section 5431 of the United States Revised Statutes. The question is new in this court, and I have not been referred to any case where the question has arisen in the courts of the state. In order to a proper understanding of the statutory provisions in the laws of the state of New York, bearing upon the question, mention must be made of the following provisions in those laws. According to the provisions of section 25 of the act of April 17th, 1822, no person was allowed to vote who had been "convicted of any infamous crime." In 1823, the second constitution of the state took effect, and gave authority to pass laws "excluding from the right of suffrage persons who have been, or may be, convicted of infamous crimes." In 1828, the Revised Statutes of the state (1 Rev. St. 127, § 3) excluded from the right of suffrage every person "convicted within this state of an infamous crime," "unless he shall have been pardoned by the executive, and, by the terms of such pardon, restored to all the rights of a citizen." In order to prevent infractions of this law, further provision was then made (1 Rev. St. 135, § 21) that, "if any person so convicted shall vote at any such election, unless he shall have been pardoned and restored to all the rights of a citizen, he shall be deemed guilty of a misdemeanor," &c. An original note of the revisers to chapter 6, tit. 4, art. 2, § 10, says: "The act of 1822, § 25, provides, that no person who has been convicted of an infamous crime shall be permitted to vote, but it does not point out any mode in which a challenge for that cause shall be determined. Parol evidence of the fact of conviction ought not to be received, nor ought the oath of the person challenged to be demanded. The revisers have therefore, in the above section, required the production of the record; though it is worthy of consideration whether such a regulation would not make the exclusion, to all practical purposes, a nullity. Perhaps a list of the convicts might be annually furnished to the town clerks, and be made evidence in cases of this sort." On the 5th of April, 1842, a substitute for chapter 6, pt. 1, Rev. St., was enacted, in which it was provided, (title 1, § 3,) that "no person who shall have been convicted of an infamous crime deemed by the laws of this state a felony, at any time

previous to an election, shall be permitted to vote thereat, unless he shall have been pardoned before or after his term of imprisonment has expired, and restored by pardon to all the rights of a citizen." This provision is still in force, and the question in hand depends upon the effect to be given to this statute of the state.

It will be noticed that the language of the original act of 1822 is sufficiently broad to cover all convictions of any infamous crime, wherever had. The Revised Statutes added, in express terms, the limitation, that the conviction must have occurred "within this state," and, by implication, the further limitation, that it must be a conviction in the courts of the state. This implication appears to arise out of the exception as to persons "pardoned by the executive, and, by the terms of such pardon, restored to all the rights of a citizen." The executive of the state only can be referred to here, as no pardon issued by the president of the United States would, by its terms, restore a person to the rights of a citizen of the state of New York. It would appear, therefore, proper to construe the statute as referring to those crimes only that can be pardoned by the governor of the state. Furthermore, such appears to have been the understanding of the statute by the revisers themselves, as their note above referred to shows. For, the remedy proposed by them in the note, while sufficient, if only convictions in the courts of the state are within the scope of the statute, is wholly insufficient if the statute includes convictions in the courts of the United States. The limitation which thus appears in the Revised Statutes is more plainly seen in the enactment of 1842, for, while, in that act, the exception as to persons pardoned is substantially the same as before, the disqualifying clause requires not only that the conviction shall be of an infamous crime, but that it shall be of a crime "deemed by the laws of this state a felony." This statute requires not only that the crime be of the class of infamous crimes, but, also, that it be such a crime as, by the laws of the state, is declared to be a felony. The courts of the United States take cognizance only of statutory offences against the United States, created by the laws of the United States, and I doubt whether it can be said that any mere statutory offence, created by a law of the United States, is "deemed by the laws of the state a felony." It has been contended that the word "deemed," as it is used, shows an intention to include all crimes presenting the feature designated by the laws of the state as the characteristic of a felony, namely, a liability to be punished by death or by imprisonment in a state prison, (2 Rev. St. 702, § 30,) and hence it is concluded, that, inasmuch as the accused, upon his conviction under section 5431, became liable to imprisonment in a state prison, he is within the scope of the disqualifying statute. Here this difficulty arises, that, while the laws of the

state are framed with the intent that the mode of punishment liable to be inflicted shall determine the character of the offence, as a felony or otherwise, the laws of the United States are not so framed. By the laws of the United States, upon conviction for any offence, where the sentence imposed is an imprisonment for a period of more than one year, the sentence may be directed to be executed in a state prison. Section 5541, Rev. St. U. S. And there are offences against the United States made, by express terms, misdemeanors, although punishable by hard labor, in a state prison. It would, therefore, result, that a conviction for any offence against the United States, where imprisonment for a period of more than one year can be inflicted, would have the effect to disqualify the person convicted.

The better solution of the question is to be found in other provisions of the statutes of the state, now to be mentioned. On the 14th of May, 1872, was passed an act, entitled, "An act in relation to elections in the city and county of New York, and to provide for ascertaining by proper proofs, the citizens who shall be entitled to the right of suffrage therein." In section 33 is found adopted the suggestion originally made by the revisers, in their note above referred to. By this section, obviously for the purpose of providing means of proving such convictions as work the disqualification of a voter, it is required, that the clerks of the courts of oyer and terminer and general and special sessions shall file with the chief of the bureau of elections a certified record of all convictions for offences punishable by death or imprisonment in a state prison. Here, the remedy provided by the law affords a statutory indication that the disqualifying provision is understood as applying only to cases of conviction in a court of the state. Furthermore, section 76 of the act of 1872—plainly inserted for a better enforcement of the disqualifying provision—declares, that, "if any person who shall have been convicted of bribery, felony, or other infamous crime, under the laws of this state, shall thereafter vote, * * * he shall, upon conviction thereof, be adjudged guilty of a felony." &c. This section throws light upon the language of the disqualifying provision it was intended to enforce, and shows plainly that only convictions arising under the laws of the state are intended to work the disqualification of a voter. I, therefore, conclude, from an examination of the statutes of the state appertaining to this subject, that these statutes do not deprive of the right of suffrage a person who has been convicted, in the courts of the United States, of a mere statutory offence against the United States.

This conclusion is strengthened by the construction put, by the courts of the state, upon the provision respecting the disqualification of witnesses, contained in the laws of the state, where the language used is broader than that used in respect to voters. The provision in respect to witnesses is, that no person sentenced upon a conviction for felony, shall be competent to testify in any proceeding, &c., unless he be pardoned by the governor, &c. 2 Rev. St. 701, § 23. In Cole v. Cole, 50 How. Pr. 59, 66, it is intimated, that a conviction in another state would not, probably, render the testimony of a witness inadmissible, by virtue of this statute; and this has been expressly ruled on several occasions at nisi prius, as I am informed. The cases are not reported. See, also, Com. v. Green, 17 Mass. 515; Com. v. Hall, 4 Allen, 305.

It is proper to add, that the precise question in hand appears to have been presented to the attorney-general of the state, and the opinion expressed by that officer is in harmony with the conclusion I have reached. See Opinions of Attorneys-General of the State, page 413, and again on page 524, where the attorney-general says: "I am of the opinion that a conviction for crime, in order to disqualify an elector, must be had under the jurisdiction of, and in, the courts of this state, and that a conviction under the federal laws and in the federal courts does not work such disqualification." In accordance with these views the demurrer is sustained, and the accused must be discharged.